UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.: 1:22-cv-271 |
| | ) |
| BUCHANAN GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     NATURE OF THE CASE

1.     Plaintiff, Jennifer Jordan (hereinafter, "Plaintiff" or "Jordan"), by counsel, brings this action against Defendant, Buchanan Group, Inc. (hereinafter, "Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

### II.     PARTIES

2.     Jordan is a resident of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III.     JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117 (a).

5.     Defendant is an "employer" as that term is defined in 42 U.S.C. § 12111 (5).

6.      Jordan was an "employee" as that term is defined in 42 U.S.C. § 12111 (4).

7.      Jordan is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8), and/or Defendant knew of Jordan's disability and/or regarded Jordan as being disabled and/or Jordan has a record of being disabled.

8.      Having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on her race as well as discrimination based on her disability, Jordan has satisfied her obligation to exhaust all administrative remedies. Jordan now timely files this action upon having received a Notice of Suit Rights.

9.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.      FACTUAL ALLEGATIONS

10.     In or about May 2017, Defendant hired Jordan as an Embalmer. At all times relevant, Jordan met or exceeded Defendant's legitimate performance expectations.

11.     While employed by Defendant, Jordan reported to Steve Fisher.

12.     On or about July 11, 2019, Jordan was injured at work when a table holding a cadaver collapsed on her. Fisher sent Jordan to a medical center where she received treatment for her ankle and foot. The treating physician placed Jordan in a walking boot for eight weeks and gave Jordan restrictions of no lifting more than ten pounds and to refrain from pushing, pulling, twisting, and bending. Although working as an Embalmer did not

comply with Jordan's restrictions and worsened her injuries, Defendant had Jordan continue to work as an Embalmer until approximately January 3, 2020.

13.     In or about August 2019, Jordan obtained a second medical opinion. At that time, she was diagnosed with a spinal injury.

14.     In or about September 2019,  the Funeral Director for Respondent's Speedway location, McKenzie Hughey, resigned. Jordan was qualified for the Funeral Director position, having both the appropriate skills and requisite license, and the position would have accommodated Jordan's disability. However, when Jordan contacted Jan Smith to inquire about the position, Smith told Jordan she was not qualified for the role.

15.      In or about October 2019, Jordan, engaging in a protected activity, complained to Eddie Beagle that she had been denied the promotion due to disability discrimination. Beagle took no steps to rectify the discrimination.

16.     From at least October 2019 to December 2019, Jordan completed administrative work in addition to embalming work for Defendant.

17.     In or about December 2019, Jordan again complained of disability discrimination to Beagle. Again, Beagle did nothing to resolve the discrimination.

18.     In or about January 2020, Fisher began complaining that Jordan's recovery was taking longer than expected and began behaving hatefully towards Jordan.

19.     On or about January 3, 2020, as part of a Transition Back to Work program, Defendant assigned Jordan to work at Goodwill Industries in Martinsville, Indiana. The program required Jordan to volunteer twenty hours per week at Goodwill while her remaining twenty hours per week were paid for by Workers' Compensation. Fisher made derogatory

remarks regarding Jordan's placement in the program, such as, "I guess you will be shining toasters."

20. On or about March 19, 2020, as a result of the COVID-19 pandemic, a supervisor at Goodwill informed Jordan there was no remaining work available to her as a volunteer.

21. Jordan reached out to Fisher about returning to work for Defendant. Fisher told Jordan that he was no longer her supervisor and instructed her to contact Susan Rush in Human Resources. Rush informed Jordan that Defendant had work she could perform. When Jordan asked why she was forced to work at Goodwill if Defendant had available work, Rush shifted her position. Jordan was not brought back to work for Defendant.

22. As a result of Defendant refusing to accommodate Jordan's disability, she was forced to remain off work from approximately March 19, 2020, to May 27, 2020.

23. On May 27, 2020, Defendant terminated Jordan's employment.

24. Jordan suffers from a disability as that term is defined by the Americans with Disabilities Act.

25. Furthermore, non-disabled individuals, such as Lydia Coon and Ji'Cee Lacey, were treated more favorably than Jordan. After Coon failed to obtain the necessary license to become an Embalmer, Defendant created a new position that would accommodate Coon's qualifications. In addition, despite lacking the requisite license, Lacey was hired as an Embalmer.

## V.    CAUSES OF ACTION

### COUNT I: ADA

26.   Jordan hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27.   Jordan is a qualified individual with a disability and Defendant knew or should have known about her disability.

28.   Jordan suffered an adverse employment action. Specifically, Defendant failed to accommodate Jordan's disability and terminated her.

29.   Other similarly situated, non-protected individuals were not subjected to the same treatment.

30.   Defendant discriminated against Jordan on the basis of her actual or perceived disability.

31.   Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

32.   Jordan has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: ADA - RETALIATION

33.   Jordan hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34.   Jordan engaged in a protected activity when she complained to management that the actions taken against her were discriminatory based on her actual or perceived disability.

35.   Defendant retaliated against Jordan. Specifically, Jordan was terminated.

36.   Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

37.   Jordan has suffered damages as a result of Defendant's unlawful actions.

## VI.   REQUESTED RELIEF

**WHEREFORE,** Plaintiff, Jennifer Jordan, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Jordan to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Jordan of front pay in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4) Compensatory damages for Defendant's violations of the ADA;

5) Punitive damages for Defendant's violations of the ADA;

6) All costs and attorney's fees incurred as a result of bringing this action;

7) Pre- and Post-Judgment Interest on all sums recoverable; and,

8) All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,


By: */s/ Diana Kozlova*
Diana Kozlova, Atty No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: dkozlova@bdlegal.com
*Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Jennifer Jordan, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,


By: */s/ Diana Kozlova*
Diana Kozlova, Atty No. 36668-02
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: dkozlova@bdlegal.com
*Counsel for Plaintiff*